10-1076-ag
Chen v. Holder

BIA
A096 040 865

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

GIAN CHEN, ALSO KNOWN AS QIAN CHEN,
ALSO KNOWN AS JIAN CHEN,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

10-1076-ag

NAC

| FOR PETITIONER: | Gian Chen, *Pro Se*, New York, New York. |
|---|---|
| FOR RESPONDENT: | Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gian Chen, a native and citizen of the People's Republic of China, seeks review of the February 25, 2010, decision of the BIA denying his motion to reopen. *In re Gian Chen*, No. A096 040 865 (B.I.A. Feb. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates country conditions evidence submitted with a motion to reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An applicant may file one motion to reopen within ninety days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Chen filed his motion to reopen more than eighteen months after his removal order became administratively final. There is no merit to his argument that his motion was timely because it was filed within

ninety days of this Court's denial of his petition for review, as the regulation provides that the 90-day period runs from the final administrative order. *Id*. However, the time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in concluding that Chen's recent involvement with the Chinese Democracy Party ("CDP") was a change in personal circumstances, not a change in conditions in China as required to obtain reopening. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Moreover, substantial evidence supports the BIA's finding that Chen failed to establish changed country conditions with respect to his CDP claim. A review of the record reveals that the BIA considered Chen's evidence and found that, although it addressed recent treatment of political dissidents, it did not address any change in conditions. Indeed, Chen submitted evidence related only to

3

recent incidents in China, and only nominally related to the CDP.  Accordingly, as the record does not show changed conditions in China, but merely a change in Chen's personal circumstances, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely.  *See Wei Guang Wang*, 437 F.3d at 273-74.  Finally, Chen's claim that he qualifies for asylum, withholding of removal and relief under CAT is not properly before us.  Our review is limited to the bases for the BIA's decision, which in this case was a denial of an untimely motion to reopen.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4